**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT W. COLE,** | : | |
| **Plaintiff,** | : | **Case No. 2:03-CV-1225** |
| **v.** | : | **Judge Holschuh** |
| **ABBOTT LABORATORIES, ROSS PRODUCTS DIVISION,** | : | **Magistrate Judge Abel** |
| | : | |
| **Defendant.** | | |
| | : | |

**MEMORANDUM OPINION & ORDER**

On March 21, 2006, Magistrate Judge Abel issued an Order ruling on Defendant's motion for a protective order, Plaintiff's motion to compel discovery, and Plaintiff's motion for sanctions. This matter is currently before the Court on Plaintiff's Objections to that portion of Magistrate Judge Abel's Order that denied Plaintiff's motion for sanctions. (Record at 42). For the reasons set forth below, the Court overrules those Objections.

## I. Background

Plaintiff filed suit against his former employer, alleging age discrimination. Defendant contends that Plaintiff was terminated for a legitimate, non-discriminatory reason. Trenton Manning, the Human Resources employee at Abbott who investigated allegations of sexual harassment made against Plaintiff by other employees, was deposed on December 3, 2004. At his deposition, Manning referred to a typewritten summary of his interviews with various employees concerning Plaintiff. He also testified that it was his practice to destroy his handwritten notes of interviews after the typewritten summary was compiled. During the next several months, Plaintiff took numerous depositions and questioned various witnesses about the

contents of Manning's typewritten report.

On August 30, 2005, one day before the discovery deadline, Defendant served its Second Amended Responses to Plaintiff's First Request for Production, turning over handwritten notes of employee interviews conducted by Jennifer Brookover, as well as handwritten notes of the interviews conducted by Trenton Manning. According to Defendant, Brookover's participation in the investigation, and the handwritten notes, were discovered just days earlier.

There are some discrepancies between Manning's handwritten notes and the typewritten summary of those notes. For example, while the typewritten summary contains the phrase "good ole boy," the handwritten notes refer instead to "good old boy." A handwritten notation of "old Bob" was changed to "oh Bob" in the typewritten version. In addition, the typewritten summary omits a comment from an employee who thought the investigation was being slanted negatively toward Mr. Cole.

In his motion for sanctions, Plaintiff alleged that he was prejudiced by the late production of these handwritten notes, handed over just one day before the discovery deadline. He had already taken the depositions of several witnesses and, therefore, was not able to question them concerning the handwritten notes. Pursuant to Federal Rule of Civil Procedure 37, and the Court's inherent power to sanction bad faith conduct, Plaintiff requested the following sanctions to alleviate the alleged prejudice:

(1) Plaintiff should be permitted to continue the deposition of Trenton Manning in Columbus, Ohio and Defendant should pay the court reporter expenses, attorney fees, and transcript costs for the deposition;

(2) Plaintiff should be permitted to retake nine other depositions in full and Defendant should pay attorney fees, transcript costs, including videotape where applicable, and the expense of bringing the witnesses to Columbus, Ohio to testify;

(3) If any of the depositions leads to evidence that would require additional depositions, Plaintiff should be permitted to conduct those depositions at Defendant's expense;

(4) Plaintiff should be permitted to inform the jury that the handwritten notes were withheld until the day before the discovery cutoff and that certain depositions had to be retaken;

(5) Defendant should be required to pay attorney fees connected with the motion for sanctions; and

(6) The Court should order the production of information requested in the motion to compel.

## II. Magistrate Judge Abel's March 21, 2006 Order

Magistrate Judge Abel's Order contained alternative holdings. In the first section of the opinion, he held that because Plaintiff had failed to timely object to the adequacy of Defendant's responses to discovery requests, Defendant's motion for a protective order would be granted and Plaintiff's motion to compel that discovery would be denied. As Plaintiff notes, although Plaintiff's motion for sanctions concerns a completely different discovery dispute, the last paragraph of the first section of Magistrate Judge Abel's opinion summarily denies the motion for sanctions without any discussion of the issues presented in the motion.

In the second section of the Order, Magistrate Judge Abel made an alternative ruling on the merits of the pending motions. He held that most, but not all, of Plaintiff's discovery requests were overly broad and unduly burdensome. He therefore held that Defendant's motion for a protective order and Plaintiff's motion to compel discovery should be granted in part and denied in part.

Magistrate Judge Abel then addressed the merits of Plaintiff's motion for sanctions. He

noted that sanctions are available under Federal Rule of Civil Procedure 37(c) only for violations of Rule 26(a) or 26(e)(1) or (2). He found that sanctions were not warranted because Defendant did not violate Rule 26. In fact, Defendant complied with that Rule by supplementing its discovery responses as soon as it became aware of Ms. Brookover's involvement in the interviews and the existence of the handwritten notes. Magistrate Judge Abel found "nothing in the record to suggest that defendant's delay was purposeful." (Order at 15). While he concluded that sanctions were not warranted, he nevertheless found that plaintiff "deserves a fair opportunity to follow up with his own discovery requests should he be able to demonstrate that he would have done so had the supplemental production been made in July 2005." Id. As noted above, Plaintiff has appealed only that portion of the Order that denied the motion for sanctions.

## III. Standard of Review

Federal Rule of Civil Procedure 72(a) provides that when a party files objections to a magistrate judge's order concerning a nondispositive motion, "the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

## IV. Discussion

In this case, Plaintiff does not argue that Magistrate Judge Abel's decision to deny the motion for sanctions is "clearly erroneous or contrary to law." Instead, he objects to the organizational flow of the Order, and seeks clarification concerning under what circumstances he will be able to conduct additional discovery.

With respect to the first section of the Order, Plaintiff notes that Magistrate Judge Abel denied the motion for sanctions without reciting any relevant facts or conducting any analysis. The Court agrees with Plaintiff that this section of the Order improperly implies that Plaintiff's motion for sanctions is being denied because Plaintiff failed to timely object to the adequacy of certain discovery responses. This conclusion defies logic since the motion for sanctions has nothing to do with the discovery that was at issue in the motion for a protective order and the motion to compel. If Magistrate Judge Abel's Order ended there, Plaintiff's objections might have some merit.

Nevertheless, the second part of the Order clearly sets forth an adequate basis for denying Plaintiff's motion for sanctions. Magistrate Judge Abel held that sanctions were not warranted because Defendant did nothing wrong. While it is unfortunate that the discovery requests were supplemented so close to the discovery deadline, there was no evidence of a purposeful delay. Magistrate Judge Abel concluded that because Defendant did not violate Federal Rule of Civil Procedure 26, Rule 37 sanctions were not available. Plaintiff has not established that this holding is either clearly erroneous or contrary to law. Plaintiff's Objections to Magistrate Judge Abel's March 21, 2006 Order (Record at 42) are therefore **OVERRULED**.

Plaintiff also seeks clarification of Magistrate Judge Abel's holding that, even though sanctions were not warranted, "Plaintiff deserves a fair opportunity to follow up with his own discovery requests should he be able to demonstrate that he would have done so had the supplemental production been made in July 2005."[1] The Court will **REFER** this particular issue

[1] In its response to Plaintiff's Objections, Defendant agrees that Plaintiff should be permitted to conduct a second deposition of Trenton Manning to question him about the newly discovered documents.

back to Magistrate Judge Abel for a status conference, during which he can clarify the scope of remaining discovery, if any, and reset appropriate deadlines for filing dispositive motions.

**IT IS SO ORDERED.**

Date: April 26, 2006

**/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court